**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF ILLINOIS**

|  |  |  |
|---|---|---|
| Michael Stewart, | : | |
| | : | |
| Plaintiff, | : | |
| | : | Case No: |
| v. | : | |
| | : | |
| At Twenty Five, LLC d/b/a Network Next Gen, | : | |
| | : | JURY TRIAL DEMANDED |
| | : | |
| Defendant. | : | |
| | : | |

**COMPLAINT**

Plaintiff Michael Stewart ("*Plaintiff*"), by and through his undersigned counsel, for his Complaint against defendant At Twenty Five, LLC d/b/a Network Next Gen ("*Defendant*") states and alleges as follows:

**INTRODUCTION**

1.      This action seeks to recover damages for copyright infringement under the Copyright Act, 17 U.S.C. §101 *et seq*.

2.      Plaintiff is an award-winning professional photographer, photojournalist, and visual artist whose work has been widely recognized throughout the entertainment, celebrity, fashion, editorial, and commercial-photography industries.

3.      For decades, Plaintiff has devoted his career to documenting celebrities, musicians, entertainers, public figures, fashion events, red-carpet appearances, cultural events, and other matters of public interest. Plaintiff has photographed numerous prominent public figures and has developed a substantial archive of original photographic works.

4.      Plaintiff's photographs have been published, distributed, and displayed in newspapers, magazines, websites, media outlets, and other publications throughout the United States and internationally. His work is routinely licensed for authorized editorial, commercial, promotional, and documentary uses.

1

5. Plaintiff has earned a professional reputation for capturing compelling and newsworthy images of celebrities, entertainers, musicians, fashion personalities, and other public figures. Through substantial investment of time, skill, creativity, training, equipment, travel, and expense, Plaintiff has developed a valuable portfolio of original photographic works.

6. Plaintiff derives income from the licensing and authorized use of his copyrighted photographic works and relies upon licensing revenue as an important component of his photography business. Plaintiff maintains exclusive rights under the Copyright Act to reproduce, distribute, publicly display, license, and otherwise exploit his copyrighted works.

7. As a result of his talent, experience, publication history, and professional accomplishments, Plaintiff has established valuable goodwill and a strong professional reputation within the photography industry and derives substantial value from the licensing and authorized use of his copyrighted photographs.

8. Plaintiff created a photograph of American singer-songwriter and actress, Lady Gaga (the "*Photograph*") in which Plaintiff owns the rights and licenses for various uses including online and print publications.

9. Defendant is, upon information and belief, a limited liability company engaged in the business of talent management, artist development, media production, entertainment services, influencer marketing, brand promotion, digital-media services, and related commercial activities.

10. Upon information and belief, Defendant provides management, representation, promotional, marketing, branding, consulting, and related services to entertainers, influencers, content creators, artists, media personalities, and other individuals and entities operating in the entertainment and digital-media industries.

11. Upon information and belief, Defendant conducts business through, among other channels, the Instagram account operating under the username @networknextgen (the "*Account*"). Defendant uses the Account to advertise, market, promote, publicize, and showcase its business operations, clients, projects, services, events, brand partnerships, promotional initiatives, and related commercial activities.

12. Upon information and belief, Defendant owns, operates, manages, maintains, and/or controls the Account and exercises editorial, managerial, operational, and financial control over the content published thereon.

13. Upon information and belief, the Account serves as a commercial marketing platform through which Defendant promotes its business operations, enhances brand recognition, attracts prospective clients, increases public visibility, generates customer engagement, and creates commercial value.

14. Upon information and belief, Defendant publishes and distributes photographs, videos, advertisements, promotional materials, event content, entertainment-related content, social-media content, and other marketing materials through the Account for the purpose of increasing audience engagement and advancing Defendant's commercial interests.

15. Upon information and belief, Defendant derives commercial benefit from the operation of the Account by promoting its services, increasing customer engagement, enhancing brand visibility, attracting prospective clients, generating business opportunities, strengthening relationships with existing clients, and increasing revenues associated with its business operations.

16. Upon information and belief, Defendant maintained the right and ability to supervise, review, approve, modify, remove, and otherwise control content appearing on the Account and was responsible for the acts of its employees, officers, agents, contractors, marketing personnel, public-relations personnel, social-media managers, and other representatives acting within the course and scope of their authority.

17. At all relevant times, content published, displayed, reproduced, distributed, and otherwise made available through the Account was subject to Defendant's direction and control, including the infringing content alleged herein.

18. Upon information and belief, Defendant used the Account in furtherance of its commercial enterprise and derived financial and promotional benefits from the content displayed thereon, including through increased audience engagement, enhanced public visibility, promotion of Defendant's services, growth in brand recognition, increased business opportunities, increased

3

online activity, and the advancement of Defendant's business interests.

19.     Upon information and belief, Defendant utilizes the Account as an integral component of its overall marketing, advertising, brand-development, public-relations, and customer-communication strategy.

20.     Defendant, without authorization, reproduced and publicly displayed the Photograph in connection with its commercial activities and engaged in this misconduct knowingly and in violation of the United States copyright laws.

## PARTIES

21.     Plaintiff is a citizen of the State of New York and maintains a principal place of business in New York County, New York.

22.     Defendant is a Illinois Limited Liability Company with a principal place of business at 422 Hamilton Street, Geneva in Kane County, Illinois.

## JURISDICTION AND VENUE

23.     This Court has subject matter jurisdiction over the federal copyright infringement claims pursuant to 28 U.S.C. §1338(a) and 28 U.S.C. §1331.

24.     This Court has personal jurisdiction over Defendant because it maintains its principal place of business in Illinois.

25.     Venue is proper in this District pursuant to 28 U.S.C. §§ 1391(b)(2) and 1400(a) because Defendant may be found in this District, regularly conducts business in this District, and a substantial part of the acts and omissions giving rise to Plaintiff's claims occurred in this District, including the unauthorized reproduction, display, distribution, and/or exploitation of Plaintiff's copyrighted work.

## FACTS COMMON TO ALL CLAIMS

A.      **Plaintiff's Copyright Ownership**

26.     Plaintiff is a professional photographer by trade who is the legal and rightful owner of certain photographs which Plaintiff commercially licenses.

27.     Plaintiff has devoted substantial time, skill, effort, and expense to developing his

4

photography business and creating a portfolio of original photographs.

28. Plaintiff's photographs are valuable intellectual property assets that are commercially licensed to publishers, media outlets, websites, businesses, and other third parties for authorized use in both digital and print media.

29. Plaintiff is the author and copyright owner of numerous original photographic works protected under the Copyright Act, including the photographs that are the subject of this action.

30. Plaintiff maintains exclusive rights under the Copyright Act, including the rights to reproduce, distribute, license, publicly display, and otherwise exploit his copyrighted photographs.

31. Plaintiff derives income from the licensing and authorized use of his copyrighted works and maintains exclusive rights in the works he creates pursuant to the Copyright Act.

32. Plaintiff relies upon licensing revenue derived from the authorized use of his photographs and actively protects his copyrighted works against unauthorized reproduction, distribution, and display. Unauthorized use of Plaintiff's photographs deprives Plaintiff of licensing income, diminishes the value of his copyrighted works, and interferes with the market for authorized licenses.

33. Plaintiff has obtained active and valid copyright registrations from the United States Copyright Office (the "*USCO*") which cover many of Plaintiff's photographs while many others are the subject of pending copyright applications.

34. Plaintiff regularly licenses Plaintiff's photographs to media outlets, brands, and commercial entities for a fee.

35. Plaintiff's photographs are original, creative works in which Plaintiff owns protectable copyright interests.

36. On April 1, 2023, Plaintiff first published the Photograph. A copy of the Photograph is attached hereto as Exhibit 1.

37. In creating the Photograph, Plaintiff personally selected the subject matter, timing, lighting, angle, perspective, depth, lens and camera equipment used to capture the image and made

5

each and every artistic determination necessary for the creation of the work.

38. On May 22, 2023, the Photograph was registered by the USCO under Registration No. VA 2-352-856.

39. Plaintiff created the Photograph with the intention of it being used commercially and for the purpose of display and/or public distribution.

**B.** **Defendant's Infringing Activity**

40. Defendant is the registered owner of the Account and is responsible for its content.

41. Defendant is the operator of the Account and is responsible for its content.

42. The Account is a part of and used to advance Defendant's commercial enterprise.

43. Upon information and belief, the Account forms part of Defendant's commercial enterprise and is used to attract potential customers, promote Defendant's services, increase public visibility, generate business opportunities, and enhance Defendant's brand recognition.

44. Upon information and belief, Defendant is a sophisticated business operating in an industry in which the use of professional photography and copyrighted content is prevalent.

45. Upon information and belief, Defendant knew or should have known that the Photograph was protected by copyright, including because the Photograph was of professional quality and distributed through commercial channels. Despite this, Defendant used the Photograph without seeking permission or obtaining a license.

46. Upon information and belief, Defendant's personnel have significant experience in copyright matters and are familiar with industry practices requiring that photographs used in commercial content, advertising, marketing materials, publications, and social-media posts be properly licensed.

47. Upon information and belief, Defendant has not implemented adequate internal policies to verify copyright ownership before content use, indicating a gross negligence in legal compliance, which is essential for a company with Defendant's reach, capabilities, and level of sophistication.

48. Upon information and belief, Defendant's internal policies, if any, are either not

SIG SANDERS · LAW GROUP·

designed to verify copyright ownership before content use or are systematically ignored, indicating a willful, recurring disregard for copyright compliance.

49. Defendant's failure to adopt or effectively enforce internal copyright policies, if any, indicates *de facto* willful infringement.

50. Upon information and belief, Defendant failed to implement and/or adequately enforce procedures designed to verify copyright ownership before publishing third-party photographs through the Account.

51. Upon information and belief, Defendant is a sophisticated commercial enterprise that regularly utilizes professional photography and visual content in connection with the promotion of its products and services.

52. On or about April 17, 2023, without permission or authorization from Plaintiff, Defendant willfully and volitionally reproduced and publicly displayed the Photograph on the Account as part of an on-line post at URL https://www.instagram.com/p/CrKCSsms8Nh (the "*Infringement*"). A copy of a screengrab depicting the Infringement is attached hereto as Exhibit 2.

53. The Infringement is a copy or substantially similar copy of Plaintiff's Photograph, including protectable elements such as composition, subject matter, timing, angle, lighting, perspective, and overall expressive content.

54. Plaintiff first observed the Infringement on August 28, 2023.

55. Upon information and belief, the Photograph was copied and displayed by Defendant without license or permission, thereby infringing on Plaintiff's copyrights in and to the Photograph.

56. The Infringement includes a URL ("*Uniform Resource Locator*") that was accessible to the public and remained available for viewing for a non-transitory period of time.

57. Upon information and belief, Defendant takes an active and pervasive role in the creation, selection, acquisition, licensing, editing, publication, posting, promotion, and display of content appearing on the Account, including Plaintiff's Photograph.

7

58. Defendant exercised control over the content published on its Account and was responsible for selecting, uploading, and displaying the Photograph. Defendant used the Photograph in furtherance of its commercial interests and derived financial benefit from increased user engagement, brand promotion, and/or sales.

59. Upon information and belief, Defendant directly contributes to and exercises control over the content published on the Account by, inter alia, utilizing employees, agents, contractors, administrators, editors, moderators, social media managers, and other representatives acting on its behalf (collectively, the "*Representatives*").

60. Upon information and belief, Defendant vested its Representatives with actual and/or apparent authority to create, select, upload, publish, edit, modify, remove, monitor, and otherwise manage content appearing on the Account on Defendant's behalf.

61. Upon information and belief, the Representatives acted within the course and scope of their agency, employment, contractual relationship, and/or other authorized relationship with Defendant when creating, selecting, uploading, publishing, displaying, promoting, and/or distributing the content containing Plaintiff's Photograph.

62. Upon information and belief, Defendant authorized, directed, ratified, approved, and/or knowingly permitted the actions of its Representatives with respect to content appearing on the Account, including the content containing Plaintiff's Photograph.

63. Upon information and belief, the Representatives actively reviewed, monitored, edited, managed, moderated, and otherwise exercised control over content appearing on the Account. As a result, Defendant had actual and/or constructive knowledge of the content published thereon, including the Infringement.

64. Upon information and belief, Defendant maintained the right and ability to supervise, control, review, approve, modify, remove, and otherwise regulate content appearing on the Account and exercised such control through its Representatives acting within the course and scope of their authority.

65. Upon information and belief, the Photograph was intentionally and willfully

8

selected, published, displayed, and distributed by Defendant.

66.     Upon information and belief, Defendant was aware of facts or circumstances from which the determination regarding the Infringement was apparent. Defendant cannot claim that it was not aware of the infringing activities, including the specific Infringement which form the basis of this complaint, since such a claim would amount to only willful blindness to the Infringement on the part of Defendant.

67.     Upon information and belief, Defendant engaged in the Infringement knowingly and in violation of applicable United States copyright laws.

68.     Upon information and belief, Defendant exercised editorial, managerial, and operational control over the content appearing on the Account.

69.     Upon information and belief, Defendant has the legal right and ability to control and limit the infringing activities on its Account and exercised and/or had the right and ability to exercise such right.

70.     Upon information and belief, Defendant monitors the content on its Account.

71.     Upon information and belief, Defendant has received a financial benefit directly attributable to the Infringement.

72.     Upon information and belief, the Infringement increased engagement with the Account and generated additional audience traffic, brand visibility, customer interest, and commercial value for Defendant.

73.     Upon information and belief, Defendant distributed the Infringement to a broad audience through the Account and derived commercial value from the resulting user traffic, engagement, advertising impressions, and/or promotional exposure.

74.     Upon information and belief, Defendant at all times had the ability to stop the reproduction and display of Plaintiff's copyrighted material.

75.     Defendant's use of the Photograph harmed the actual market for the Photograph.

76.     Defendant's use of the Photograph, if widespread, would harm Plaintiff's potential market for the Photograph.

9

77. Defendant's unauthorized use usurps the market for licensed uses of the Photograph and undermines Plaintiff's ability to license his work to other commercial entities.

78. On or about August 5, 2024, Plaintiff, through counsel, notified Defendant of the infringing activity described herein and demanded that Defendant cease and desist from its unauthorized use of Plaintiff's copyrighted work and compensate Plaintiff for its unauthorized use thereof.

79. Despite receiving notice of Plaintiff's claims and being afforded multiple opportunities to resolve the matter amicably, Defendant failed and/or refused to adequately address Plaintiff's claims, thereby necessitating the commencement of this action.

80. As a result of Defendant's misconduct, Plaintiff has been substantially harmed.

## FIRST CAUSE OF ACTION
### *(Direct Copyright Infringement, 17 U.S.C. §501 et seq.)*

81. Plaintiff repeats and incorporates by reference the allegations contained in the preceding paragraphs, as though set forth in full herein.

82. The Photograph is an original, creative work in which Plaintiff owns a valid copyright.

83. The Photograph is properly registered with the USCO and Plaintiff has complied with all statutory formalities under the Copyright Act and under regulations published by the USCO.

84. Plaintiff has not granted Defendant a license or the right to use the Photograph in any manner, nor has Plaintiff assigned any of its exclusive rights in the copyright to Defendant.

85. Without permission or authorization from Plaintiff and in willful violation of Plaintiff's rights under 17 U.S.C. §106, Defendant improperly and illegally copied, reproduced, distributed, adapted, and/or publicly displayed works copyrighted by Plaintiff thereby violating one of Plaintiff's exclusive rights in its copyrights.

86. Defendant's reproduction of the Photograph and display of the Photograph constitutes willful copyright infringement.

10

87.     Upon information and belief, Defendant willfully infringed upon Plaintiff's copyrighted Photograph in violation of Title 17 of the U.S. Code, in that Defendant used, published, communicated, posted, publicized, and otherwise held out to the public for commercial benefit, Plaintiff's original and unique Photograph without Plaintiff's consent or authority.

88.     As a result of Defendant's violations of Title 17 of the U.S. Code, Plaintiff is entitled to an award of actual damages and disgorgement of all of Defendant's profits attributable to the infringements as provided by 17 U.S.C. § 504 in an amount to be proven or, in the alternative, at Plaintiff's election, an award for statutory damages against Defendant for each copyrighted work infringed pursuant to 17 U.S.C. § 504(c).

89.     As a result of the Defendant's violations of Title 17 of the U.S. Code, the court in its discretion may allow the recovery of full costs as well as reasonable attorney's fees and costs pursuant to 17 U.S.C. § 505 from Defendant.

90.     As a result of Defendant's violations of Title 17 of the U.S. Code, Plaintiff is entitled to injunctive relief to prevent or restrain infringement of Plaintiff's copyright pursuant to 17 U.S.C. § 502.

<strong><u>JURY DEMAND</u></strong>

91.     Plaintiff hereby demands a trial of this action by jury.

<strong><u>PRAYER FOR RELIEF</u></strong>

**WHEREFORE** Plaintiff respectfully requests that the Court enters a judgment finding that Defendant has infringed on Plaintiff's rights to the Photograph in violation of 17 U.S.C. §501 *et seq.* and therefore award damages and monetary relief as follows:

a.      finding that Defendant infringed Plaintiff's copyright interest in and to the Photograph by copying, reproducing, distributing, publishing, and publicly displaying it without a license or consent;

b.      for an award of actual damages and disgorgement of all of Defendant's profits attributable to the infringements as provided by 17 U.S.C. § 504(b) in an amount to be proven or, in the alternative, at Plaintiff's election, an

11

award for statutory damages against Defendant for each copyrighted work infringed pursuant to 17 U.S.C. § 504(c), whichever is larger;

c. for an order pursuant to 17 U.S.C. § 502(a) enjoining Defendant from any infringing use of any of Plaintiff's works;

d. for costs of litigation and reasonable attorney's fees against Defendant pursuant to 17 U.S.C. § 505;

e. for pre-judgment interest as permitted by law; and

f. for any other relief the Court deems just and proper.

DATED: July 29, 2026

**SANDERS LAW GROUP**

By: ___/s/ Craig Sanders_____
Craig Sanders, Esq.
333 Earle Ovington Blvd, Suite 402
Uniondale, NY 11553
Tel: (516) 203-7600
Email: csanders@sanderslaw.group
File No.: 130244

*Attorneys for Plaintiff*

12